**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**

IN RE: ]
] **CHAPTER 12**
**WENDELL KEITH HOOKS,** ] **CASE NO: 14-60531**
           **DEBTOR.** ]

**PLAN OF ARRANGEMENT**

1. The Debtor shall pay to the Trustee the approximate sums listed in the Debtors' Summary of Chapter 12 Plan attached as Exhibit "B". The precise payment shall be determined from the provisions of the plan as confirmed, and the Debtor(s) shall submit to the Trustee an annual calculation from which disbursements will be made, including any distribution of disposable income. Unless otherwise provided, all payments under the Plan that come due within 36 months of the Order of Relief shall be paid through the Trustee with the appropriate commission included with the payment.

2. From the payments so received, the Trustee shall make disbursements to each Creditor as described in the attached Exhibit "A".

3. After the Debtor receive a discharge pursuant to 11 U.S.C. Sec. 1228, the Debtor shall make payments directly to those creditors described in Exhibit "A" whose right to payments continues after the Debtor receives a discharge. These payments shall be made according to the terms set forth in Exhibit "A".

4. Pursuant to Bankruptcy Rule 2012 the Debtor moves the Court at confirmation to establish the value for collateral held by creditors in the amounts shown in Exhibit "A".

5. Secured Creditors shall retain the liens securing their claims to the extent of the value of their collateral as established in Exhibit "A". To the extent any claims exceed said value, the liens shall be voided on confirmation pursuant to 11 U.S.C. 11 Sec. 506(d) unless otherwise provided.

6. The following executory contracts of the Debtor are rejected: N/A

7. The collateral securing the debts of the following creditors will be surrendered upon confirmation of the Plan as set forth herein (show creditor and value of property surrendered): <u>See</u> Exhibit "A", Page Four.

8. Other provisions:

    (a) The effective date of the Plan shall be Thirty (30) days after confirmation.

    (b) The Debtor shall remain eligible for any loan servicing options provided by applicable statute, regulations, agreements, or agency policies.

    (c) Upon payment of the amount provided by the Plan for any secured claim, the lien upon the Debtor's property securing said claim shall be deemed cancelled. Any creditor holding such lien shall execute all documents as are necessary to cancel such lien as of record.

    (d) After the closing of the case or upon order of the Court, the Debtor may prepay his remaining obligations under the Plan, in whole or in part, without penalty or charge of unaccrued interest. If

interest is current at the time of pre-payment, the Debtor may apply said prepayments to principal either to reduce the number of remaining payments or the dollar amount of each of the remaining installments. All payments from liquidation or otherwise shall be applied first to accrued or compounded interest on claims.

   (e) The Debtor shall be authorized to participate in all United States Department of Agriculture programs including those administered by the Agricultural Stabilization and Conservation Service and the Commodity Credit Corporation under established guidelines without further leave of Court.

   (f) The Debtor shall be authorized to obtain new crop or livestock financing and farm operating credit pledging agricultural products, crop insurance, existing collateral or the best lien available in other assets as security in the ordinary course of business without further leave of Court.

   (g) The Debtor shall retain all causes of action against Creditors or other parties, including but not limited to the right to pursue the recovery of preferential payments or otherwise voidable transfers whether determined at this time or subsequent to confirmation.

   (h) If at any time during the administration of the case, collateral is surrendered, the Creditor receiving its security shall receive treatment to which general unsecured Creditors are entitled under the Plan for any deficiency left after a commercially reasonable disposition of the collateral.

   (i) In the event that the Court determines that the Debtor's position regarding priorities in farm equipment is incorrect, then the terms of payment proposed under the Debtor's Plan for said equipment will be reassigned to the appropriate creditor according to this Court's decision.

   (j) In the event any recurring monthly payment due under the terms of the Plan is set on the thirty first (31st) day of the month, the recurring monthly payment shall be due on the last calendar day of the month of any month which does not have thirty one (31) days.

   **THIS** 30th day of December, 2014.

           **MERRILL & STONE, LLC**


            **s/Jon A. Levis**
           JON A. LEVIS
           ATTORNEY FOR DEBTOR
           GEORGIA BAR NO: 448848

LAW OFFICES:

MERRILL & STONE, LLC
SECOND FLOOR - MITCHELL BUILDING
101 S. MAIN STREET
POST OFFICE BOX 129
SWAINSBORO, GA 30401
(478)237-7029
(478)237-9211 - FAX

**EXHIBIT "A", PAGE ONE**

**BETTY JEAN HOOKS**
**57 HOOKS FARM ROAD**            **TOTAL CLAIM ON THE DATE**
**SWAINSBORO, GA 3041**            **OF FILING: $200,000.00**

| Brief Description of Collateral and Lien Priority: | Value of Collateral Without Deduction of Liens: |
|---|---|
| Second Lien on 30 acres with improvements | $170,729.38 |
| Third Lien on half interest in 571.66 acres located in Emanuel Co., GA | $337,317.00 |

SECURED CLAIM: $200,000.00

(a)      PAYMENT TERMS - SECURED CLAIM: $200,000.00 – This claim shall retain its existing lien position, to the extent of value, $200,000.00, and shall be paid direct by the Debtor, said amount by the Debtor with interest from the effective date of the Plan at the rate of 5.00% per annum. Debtor shall make a single balloon payment representing the principal and accrued interest seven (7) years from the effective date of the Plan.

       All provisions of the Debtor's note, security agreement, or other contract with this creditor shall remain in effect except as modified by the Debtor's Chapter 12 Plan.

**EXHIBIT "A", PAGE TWO**

**CITIZENS BANK OF SWAINSBORO**
**POST OFFICE BOX 249**  **TOTAL CLAIM ON THE DATE**
**SWAINSBORO, GA 30401**  **OF FILING: $157,254.76**

| Brief Description of Collateral and Lien Priority: | Value of Collateral Without Deduction of Liens: |
|---|---|
| Second Lien and a Third Lien on half interest in 571.66 acres located in Emanuel Co., GA | $337,317.00 |
| Second Lien on 30 acres with improvements located in Emanuel Co., GA (Residence) | $339,679.00 |

SECURED CLAIM: $157,254.68

(a) PAYMENT TERMS - SECURED CLAIM: $157,254.68- This claim shall retain its existing lien position, to the extent of value, $157,254.68, and shall be paid direct by the Debtor, said amount by the Debtor with interest from the effective date of the Plan at the rate of 5.00% per annum. Interest accrued from the effective date of the plan shall be paid on January 31, 2016. Thereafter, the balance, $157,254.68, shall be repaid in 30 annual installments of $10,365.53 per year beginning on January 31, 2017, and thereafter paid on January 31 of each successive year until paid in full.

All provisions of the Debtor's note, security agreement, or other contract with this creditor shall remain in effect except as modified by the Debtor's Chapter 12 Plan.

## EXHIBIT "A", PAGE THREE

**CITIZENS BANK OF SWAINSBORO**
**POST OFFICE BOX 249**  **TOTAL CLAIM ON THE DATE**
**SWAINSBORO, GA 30401**  **OF FILING: $170,493.58**

Brief Description of Collateral  Value of Collateral With
and Lien Priority:  out Deduction of Liens:

30 acres with improvements  $339,679.00
located in Emanuel Co., GA
(Residence)

SECURED CLAIM:   $170,493.58

(a) PAYMENT TERMS - SECURED CLAIM: $170,493.58 – This claim shall retain its existing lien position, to the extent of value, $170,493.58, and shall be paid direct by the Debtor, said amount by the Debtor with interest from the effective date of the Plan at the rate of 5.00% per annum. Interest accrued from the effective date of the plan shall be paid on January 31, 2016. Thereafter, the balance, $170,493.58, shall be repaid in 30 annual installments of $11,238.18 per year beginning on January 31, 2017, and thereafter paid on January 31 of each successive year until paid in full.

All provisions of the Debtor's note, security agreement, or other contract with this creditor shall remain in effect except as modified by the Debtor's Chapter 12 Plan.

**EXHIBIT "A", PAGE FOUR**

**DANIELS CHEVROLET**
**POST OFFICE BOX 510**      **TOTAL CLAIM ON THE DATE**
**SWAINSBORO, GA 30401**      **OF FILING: $7,719.45**

---

Brief Description of Collateral      Value of Collateral With
and Lien Priority:      out Deduction of Liens:

2006 GMC Sierra 2500 Pickup      $2,000.00
("2006 GMC Sierra")

SECURED CLAIM:   $7,719.45

(a)     PAYMENT TERMS - SECURED CLAIM: $2,000.00 – The Debtor shall surrender their interest in the 2006 GMC Sierra to this Creditor. The Creditor shall have one hundred and eighty (180) days from the effective date of the Plan to file a deficiency claim. Any timely filed deficiency claim shall be subject to the terms and conditions of the confirmed plan for unsecured creditors as stated in Exhibit "A", Page Thirteen, and the Debtors right to file an objection to the deficiency claims. Any deficiency claim filed after the one hundred and eightieth (180th) day after the effective date of the plan shall be disallowed in its entirety unless ordered allowed by this court for good cause shown.

    All provisions of the Debtor's note, security agreement, or other contract with this creditor shall remain in effect except as modified by the Debtor's Chapter 12 Plan.

**EXHIBIT "A", PAGE FIVE**

**FAMOUS CREDIT**
**206 B SOUTH GREEN STREET**        **TOTAL CLAIM ON THE DATE**
**SWAINSBORO, GA 30401**        **OF FILING: $2,916.55**

---

Brief Description of Collateral        Value of Collateral With
and Lien Priority:        out Deduction of Liens:

Household Goods        $2,841.70

SECURED CLAIM: $2,916.55

(a)    PAYMENT TERMS - SECURED CLAIM: $2,916.55 – This claim shall retain its existing lien position, to the extent of value, $2,916.55, and shall be paid said amount by the Debtor with interest from the effective date of the Plan at the rate of 5.00% per annum. Interest accrued from the effective date of the plan shall be paid on January 31, 2016. Thereafter, the balance, $2,916.55, shall be repaid in 5 annual installments of $675.81 per year beginning on January 31, 2017, and thereafter paid on January 31 of each successive year until paid in full.

       All provisions of the Debtor's note, security agreement, or other contract with this creditor shall remain in effect except as modified by the Debtor's Chapter 12 Plan.

**EXHIBIT "A", PAGE SIX**

**USDA, FARM SERVICE AGENCY**
**151 LANGSTON CHAPEL ROAD, SUITE 400    TOTAL CLAIM ON THE DATE**
**STATESBORO, GA 30458-7206                              OF FILING: $153,461.85**

---

Brief Description of Collateral                    Value of Collateral With
and Lien Priority:                                 out Deduction of Liens:

35 Beef Cows                                       $35,000.00

SECURED CLAIM:   $153,461.85

(a) PAYMENT TERMS - SECURED CLAIM: $35,000.00– This claim shall retain its existing lien position, to the extent of value, $35,000.00, and shall be paid said amount by the Debtor with interest from the effective date of the Plan at the rate of 3.25% per annum.  Interest accrued from the effective date of the plan shall be paid on January 31, 2016.  Thereafter, the balance, $35,000.00, shall be repaid in 5 annual installments of $7,707.74 per year beginning on January 31, 2017, and thereafter paid on January 31 of each successive year until paid in full.

All provisions of the Debtor's note, security agreement, or other contract with this creditor shall remain in effect except as modified by the Debtor's Chapter 12 Plan.

**EXHIBIT "A", PAGE SEVEN**

**FARMERS FURNITURE - SWAINSBORO**
**ATTN: CORPORATE CREDIT**
**POST OFFICE BOX 1140**                           TOTAL CLAIM ON THE DATE
**DUBLIN, GA 31040**                                OF FILING: $2,042.18

| Brief Description of Collateral and Lien Priority: | Value of Collateral Without Deduction of Liens: |
|---|---|
| Sofa | $500.00 |
| Mattress Set | $100.00 |
| 2 Lamps | $60.00 |
| Refrig. | $150.00 |

SECURED CLAIM:   $2,042.18

(a)     PAYMENT TERMS - SECURED CLAIM:  $2,042.18- This claim shall retain its existing lien position, to the extent of value, $2,042.18, and shall be paid said amount by the Debtor with interest from the effective date of the Plan at the rate of 5.00% per annum.  Interest accrued from the effective date of the plan shall be paid on January 31, 2016.  Thereafter, the balance, $2,042.18, shall be repaid in 5 annual installments of $473.21 per year beginning on January 31, 2017, and thereafter paid on January 31 of each successive year until paid in full.

All provisions of the Debtor's note, security agreement, or other contract with this creditor shall remain in effect except as modified by the Debtor's Chapter 12 Plan.

**EXHIBIT "A", PAGE EIGHT**

**SOUTHEAST GEORGIA FARM CREDIT**
**1201 MOUNT VERNON ROAD**          **TOTAL CLAIM ON THE DATE**
**VIDALIA, GA 30474**                **OF FILING: $585,000.00**

---

Brief Description of Collateral            Value of Collateral With
and Lien Priority:                         out Deduction of Liens:

First Lien on half interest in 571.66 acres    $337,317.00
located in Emanuel Co., GA
JD 6 Row Air Planters                          $10,000.00

SECURED CLAIM:   $585,000.00

(a)     PAYMENT TERMS - SECURED CLAIM:  $585,000.00 – This claim shall retain its existing lien position, to the extent of value, $157,254.68, and shall be paid direct by the Debtor, said amount by the Debtor with interest from the effective date of the Plan at the rate of 5.00% per annum. Interest accrued from the effective date of the plan shall be paid on January 31, 2016. Thereafter, the balance, $157,254.68, shall be repaid in 30 annual installments of $38,560.60 per year beginning on January 31, 2017, and thereafter paid on January 31 of each successive year until paid in full.

All provisions of the Debtor's note, security agreement, or other contract with this creditor shall remain in effect except as modified by the Debtor's Chapter 12 Plan.

## EXHIBIT "A", PAGE NINE

**SPIVEY STATE BANK**
**POST OFFICE BOX 10**                               **TOTAL CLAIM ON THE DATE**
**SWAINSBORO, GA 30401**                      **OF FILING: $3,933.26**

| Brief Description of Collateral and Lien Priority: | Value of Collateral Without Deduction of Liens: |
|---|---|
| 2006 Chevrolet Truck | $4,050.00 |

SECURED CLAIM: $3,933.26

(a)      PAYMENT TERMS - SECURED CLAIM: $3,933.26 – This claim shall retain its existing lien position, to the extent of value, $3,933.26, and shall be paid said amount by the Debtor with interest from the effective date of the Plan at the rate of 5.00% per annum. Interest accrued from the effective date of the plan shall be paid on January 31, 2016. Thereafter, the balance, $3.933.26, shall be repaid in 5 annual installments of $911.40 per year beginning on January 31, 2017, and thereafter paid on January 31 of each successive year until paid in full.

         All provisions of the Debtor's note, security agreement, or other contract with this creditor shall remain in effect except as modified by the Debtor's Chapter 12 Plan.

## EXHIBIT "A", PAGE TEN

**WINBAY AUTO SALES, LLC**
**POST OFFICE BOX 90**               **TOTAL CLAIM ON THE DATE**
**NUNEZ, GA 30448**                    **OF FILING: $1,440.00**

---

Brief Description of Collateral          Value of Collateral With
and Lien Priority:                       out Deduction of Liens:

2005 Ford Focus                          $1,675.00

SECURED CLAIM:   $1,440.00

(a)     PAYMENT TERMS - SECURED CLAIM:  $1,440.00 –This Creditor has been paid in full from insurance proceeds and no further distributions shall be made to this Creditor.

## EXHIBIT "A", PAGE ELEVEN

**BROWN ROUNTREE, P.C.**
**26 NORTH MAIN STREE**            **TOTAL CLAIM ON THE DATE**
**STATESBORO, GA 30458**            **OF FILING: $14,274.25**

---

Brief Description of Collateral           Value of Collateral With
and Lien Priority:                         out Deduction of Liens:

Judgment Lien                             $14,274.25

SECURED CLAIM: $0.00

(a)      PAYMENT TERMS - SECURED CLAIM: $0.00 –This Creditor shall be paid in accordance with the terms and conditions of the confirmed plan for unsecured creditors as stated in Exhibit "A", Page Thirteen.

EXHIBIT "A", PAGE TWELVE

UNSECURED PRIORITY CLAIMS

| **UNSECURED CREDITOR** | **TOTAL CLAIM** |
|---|---|
| None | |

(a)   PAYMENT TERMS - PRIORITY CLAIMS: Not applicable.

**EXHIBIT "A", PAGE THIRTEEN**

| **UNSECURED CREDITOR** | **TOTAL CLAIM** |
|---|---|
| Spivey State Bank<br>Post Office Box 10<br>Swainsboro, GA 30401 | $54.43 |
| Spivey State Bank<br>Post Office Box 10<br>Swainsboro, GA 30401 | $3,356.04 |
| TOTAL | $3,410.47 |

(a) PAYMENT TERMS - UNSECURED CLAIMS: The Debtor shall pay all disposal income to this class for a period of thirty (36) months from the date of the Order of Relief. Payments, if any, shall be paid annual on the anniversary of the date of the Order of Relief over three years (October 3, 2015, October 3, 2016, and October 3, 2017). All payments to creditors of this class shall be through the Chapter 12 Trustee, who shall distribute payments on a pro rata basis to allowed general unsecured creditors. If there is no disposable income in any given year, the Debtor shall make no distribution to creditors of this class for that year.

Pro rata percentages to be paid to allowed general unsecured creditors shall be calculated at the time each payment is made to allowed general unsecured creditors under the terms of the Plan. Any change to the pro rata percentages for any payment to be made to creditors in this class under the terms of the Plan shall not affect any previous payments made to allowed general unsecured creditors under the terms of the Plan.

**EMANUEL COUNTY, GEORGIA**

**CERTIFICATE OF SERVICE**

I, Roxanne T. Davis, Paralegal, of the firm of Merrill & Stone, Attorneys at Law, Post Office Box 129, Swainsboro, Georgia 30401, do hereby certify that I have served a copy of the within and foregoing **CHAPTER 12 PLAN** upon:

> A. Stephenson Wallace, Esq.
> Chapter 12 Trustee
> Post Office Box 14308
> Augusta, GA  30919

by e-file and/or mailing a copy through the United States mail with sufficient postage attached thereto to assure delivery.

**THIS** the 30th day of December, 2014.

**MERRILL & STONE**, LLC


By:     s/Roxanne T. Davis
        ROXANNE T. DAVIS, Paralegal


LAW OFFICES:

MERRILL & STONE, LLC
POST OFFICE BOX 129
SWAINSBORO, GA  30401
(478)237-7029
(478)237-9211 - FAX